IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEROY M. BACA,

       Plaintiff,

vs.                                                                                                          Civ. No. 01-1048 WWD

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing ("Motion") **[Doc. 9]**, filed May 20, 2002. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Supplemental Security Income benefits ("SSI").[1] On August 7, 1995,[2] Plaintiff applied for benefits, alleging a disability which commenced March 1, 1993 due to a broken leg, broken pelvis, shattered jaw and air in the brain. Tr. at 70, 102. Plaintiff has completed eleventh grade and obtained a GED. Tr. at 44. Plaintiff has worked in the past as a construction laborer and dishwasher. Tr. at 46.

    2. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v.

---

[1] On June 24, 1997, the ALJ issued a decision finding that Plaintiff was not disabled. On January 28, 2000, the Appeals Council remanded the case, directing the ALJ to obtain clarification of the opinions of G.T. Davis, M.D. and Carlos Balcazar, M.D. Tr. at 269-70. On March 30, 2001, the ALJ again found the Plaintiff not disabled in an "Unfavorable Decision Upon Remand." Tr. at 13. The Plaintiff is appealing the March 30, 2001 decision to this Court.

[2] The ALJ found that although Mr. Baca signed his application for benefits on August 5, 1997, the correct filing date is July 27, 1995. Tr. at 14.

Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

3. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ "failed to give sufficient reason for dismissing [Dr.] Toner['s] report," and 2) the ALJ "failed to consider [the] full impact of [Plaintiff's] mental impairment."

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

5. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past. At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

6. Here, the ALJ determined at step five that Plaintiff was not disabled because he is able to perform other work in the national economy. Tr. at 22. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. Tr. at 6-7. Thus, the Commissioner's

decision became final.

      7.     Plaintiff, Leroy Baca, was born on March 2, 1954. Tr. at 70. Plaintiff claims that he is prevented from working because of pain in his back, right leg and right foot. Tr. at 48, 102. Plaintiff testified that during the day he looks for work, walks around, visits and watches television. Tr. at 55-56. Plaintiff stated that he spends "[a]t least a couple hours" a day lying down due to back pain. Tr. at 60. Plaintiff has been treated for depression with Prozac. Tr. at 122, 296. The ALJ found that Plaintiff's "history of a pelvic fracture requiring surgery; low back pain; a history of fractures of his right lower extremity; right ankle pain; and dysthymia (or mental depression) . . . . are severe . . . impairments within the meaning of the Regulations," but not severe enough to meet or equal any of the listed impairments. Tr. at 17.

### *Dr. Toner's Report*

      8.     On remand, the Appeals Council directed the ALJ to obtain clarification of Dr. G. T. Davis' statement that Plaintiff "would have difficulty with repetitive and heavy bending, twisting, lifting, prolonged standing, going up and down stairs, and doing other activities that would put a strain on the right leg." Tr. at 269. The ALJ stated that while he requested clarification of Dr. Davis' opinion, Disability Determination Services instead arranged for a consultative examination by Eugene P. Toner, M.D.

      9.     Dr. Toner assessed Plaintiff as having "chronic debilitation, most likely secondary to chronic alcohol use," and believed that Plaintiff's "debilitated state . . . is the biggest reason for him to be unable to do daily activities." Tr. at 287. Moreover, Dr. Toner did not think Plaintiff was capable of "sustain[ing] activity over an eight-hour period of time, because of his general physical condition." Id. Dr. Toner further noted that Plaintiff's atrophy to his right lower

extremity and a decreased range of motion of his ankle . . . makes walking problematic." Id. Plaintiff alleges that the ALJ erred by failing to provide an explanation for rejecting Dr. Toner's report.[3]

10. The ALJ stated that he "adopt[ed] Dr. Toner's residual functional capacity [RFC] findings regarding claimant's physical limitations." Tr. at 21. "Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . . [that is to say,] 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. Thus, Dr. Toner's opinion that Plaintiff is not capable of sustained activity over an eight hour period conflicts with the ALJ's finding that Plaintiff is capable of performing sedentary and light work. However, the ALJ did not address Dr. Toner's opinion regarding Plaintiff's ability to engage in sustained activity.

11. In reaching a conclusion regarding a claimant's disability, the ALJ must consider all relevant medical evidence of record. Baker v. Bowen, 886 F.2d 289, 290 (10th Cir. 1989) (citing Ray v. Bowen, 865 F.2d 222, 226 (10th Cir.1989)). The ALJ cannot ignore evidence. See Gathright v. Shalala, 872 F.Supp. 893, 898 (D.N.M. 1993) (noting the ALJ's failure to address physician's observations). Specifically, the ALJ may not ignore evidence in the record which conflicts with his conclusion. Udero v. Apfel, 156 F.3d 1245, 1998 WL 487024 (10th Cir. NM) (unpublished tabled decision) (citing Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984) (explaining that the Secretary's attempt to use only portions of report "favorable to her

---

[3] Plaintiff also alleges that the ALJ ignored Dr. Toner's opinion that Mr. Baca "needs a sit/stand option." Pl.'s Mem. in Support of Mot. at 7. However, Dr. Toner's opinion did not include a finding that Plaintiff required a sit/stand option. Thus, I find that Plaintiff's allegation on this point is without merit.

4

position, while ignoring other parts, is improper")).

12. The ALJ's failure to explain the reasons for rejecting Dr. Toner's opinion regarding Plaintiff's ability to engage in sustained activity was error. Therefore, this case must be remanded for the ALJ to consider and address that portion of Dr. Toner's opinion. In light of the fact that this matter is being remanded for consideration of other evidence, the Commissioner should also attempt to recontact Dr. G.T. Davis and obtain clarification of his statement regarding Plaintiff's difficulties with certain activities.

### *Plaintiff's Mental Impairment*

13. On remand, the Appeals Council directed the ALJ to obtain clarification of Dr. Balcazar's opinion of December 22, 1996 that Plaintiff's "optimal functioning during the course of the last year had been poor." Tr. at 270. Following a second examination on May 30, 2000, Dr. Balcazar again reported that Plaintiff's "optimal functioning during the course of the last year has been poor." Tr. at 298. Plaintiff alleges that the ALJ erred at step five of the sequential process by failing to consider the full impact of Plaintiff's mental impairment.

14. Because the Court reverses and remands this matter for additional proceedings at step four, it is unnecessary to reach Plaintiff's contentions of error at step five. However, the Commissioner may seek clarification of opinions or additional evidence as needed, in order to assess Plaintiff's limitations.

15. Accordingly, Plaintiff's Motion **[Doc. 9]** is GRANTED and this matter is **reversed** and **remanded** to the Commissioner for additional proceedings consistent with this opinion, to include:

A. Consideration of Dr. Toner's opinion with respect to Plaintiff's ability to engage in sustained activity;

B. Recontacting Dr. G.T. Davis to obtain clarification of his statement regarding Plaintiff's difficulties with certain activities;

C. Presentation of appropriate hypotheticals to a vocational expert, in light of any new or modified findings; and

D. Clarification of other opinions or the taking of additional evidence as needed to assess Plaintiff's limitations.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE